**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on May 11, 2006**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** : | **Criminal No:** |
| : | |
| **v.** : | **GRAND JURY ORIGINAL** |
| : | |
| : | |
| **DENISE McLEOD and** : | **Violations:** |
| **NELSON BROCKENBORRUGH,** : | |
| : | **18 U.S.C. § 1349** |
| : | **(Conspiracy to Commit Fraud by Wire)** |
| : | |
| : | **18 U.S.C. § 1343** |
| **Defendants.** : | **(Fraud by Wire)** |
| : | |
| : | **22 D.C. Code §§ 3221, 3222(a)** |
| : | **(First Degree Fraud)** |
| : | |
| : | **22 D.C. Code §§ 3241, 3242** |
| : | **(Forgery)** |
| : | |
| : | **22 D.C. Code §§ 3241, 3242** |
| : | **(Uttering)** |
| : | |
| : | **22 D.C. Code § 1805** |
| : | **(Aiding and Abetting)** |
| : | |
| : | |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

At all times relevant to this Indictment:

1.  James Roy was a former Maryland resident who, until his death on October 13, 2004, was the owner of real property located at 1133 Sixth Street, N.W., in Washington, D.C., consisting of land and a row-house residential structure.

2.  James Roy's granddaughter, "K.R.," was the appointed "personal representative" of his estate.

-2-

3.  "K.R." and Roy's other surviving relatives were the heirs of his estate, which included the real property located at 1133 Sixth Street, N.W., property and the proceeds of any sale of the property.

4.  Defendant Denise McLeod was a self-employed businesswoman, based in Maryland, who participated in real estate transactions in the District of Columbia.

5.  Defendant Nelson Brockenborrugh was employed as a Court Security Officer at the D.C. Superior Court.

The Conspiracy

6.  From in or about April of 2005, and continuing thereafter up to and including November 2, 2005, within the District of Columbia and elsewhere, defendants **DENISE McLEOD** and **NELSON S. BROCKENBORRUGH,** together with others known and unknown to the Grand Jury did unlawfully and knowingly combine, conspire, confederate and agree to commit the offense of fraud by wire, that is, having devised and having intended to devise a scheme or artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communication in interstate commerce, a writing, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

Object of the Conspiracy

7.  It was an object of the conspiracy that the defendants would obtain real property for no money and very little money, using false and forged documents and oral misrepresentations.

Manner and Means

As a part of this conspiracy:

8.  The defendants and others known and unknown to the Grand Jury would and did forge a signature on documents affecting the ownership of the real property.

–3–

9.  Others known and unknown to the Grand Jury would and did falsely witness and falsely notarize and certify the signatures on a deed to real property.

10.  The defendants and others known and unknown to the Grand Jury would and did file the forged deed with the District of Columbia Registrar of Deeds, to fraudulently transfer the ownership of property.

11.  The defendants and others known and unknown to the Grand Jury would and did represent themselves to be the owners of the property, based on the filing of the forged deed.

12.  The defendants and others known and unknown to the Grand Jury would and did attempt to sell the property.

13.  The defendants and others known and unknown to the Grand Jury, having failed to sell the property as planned, would and did engage in negotiations with the heirs of James Roy and others, to purchase the property.

14.  The defendants and others known and unknown to the Grand Jury, would and did make oral misrepresentations about the value and condition of the real property, in order to deceive the heirs of James Roy and to persuade them to accept a fraudulently reduced price.

15.  The defendants and others known and unknown to the Grand Jury would and did alter and use documents that purported to have been produced by the government of the District of Columbia, in order to misrepresent the assessed value of real property.

16.  The defendants and others known and unknown to the Grand Jury would and did transmit and cause to be transmitted contract documents and altered documents purporting to have been produced by the government of the District of Columbia, by wire communication in interstate commerce, specifically, telephone facsimile, to the heirs of James Roy, to induce the heirs to sell the property for a fraudulently reduced price.

– 4 –

Overt Acts

17.  In furtherance of the conspiracy and to achieve the objects thereof, the defendants and others known and unknown to the Grand Jury, in various combinations, directly and indirectly, within the District of Columbia, the District of Maryland, and elsewhere, committed overt acts, including, but not limited to, the following:

A.    In or about April of 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** met "K.R." at the property located at 1133 Sixth Street, N.W., and discussed with her their interest in purchasing the property.

B.  In or about August of 2005, defendant **DENISE McLEOD** forged the signature of "James Roy" on a deed that purported to transfer to her the ownership of 1133 Sixth Street, N.W., Washington, D.C. (hereafter referred to as "the forged deed").

C.  On or about August 28, 2005, defendant **DENISE McLEOD** contacted a coconspirator whose identity is known to the grand jury and asked if she knew of a notary public who would agree to notarize documents relating to a real estate purchase, for a fee of $200.

D.  On or about August 28, 2005, a coconspirator whose identity is known to the grand jury signed the forged deed on a line entitled "Witness," falsely attesting to the signature of James Roy.

E.  On or about August 28, 2005, a coconspirator whose identity is known to the grand jury falsely certified and notarized the signature of James Roy, on the forged deed.

F.  On or about September 8, 2005, defendant **DENISE McLEOD** filed the forged deed with the District of Columbia Recorder of Deeds.

G.    On or about October 6, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** went to the property located at 1133 Sixth Street, N.W., and told people there that defendant **NELSON BROCKENBORRUGH** was a "U.S. Marshal."

H.    On or about October 6, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** told the people who had been staying in the structure located at 1133 Sixth Street, N.W. that they had to vacate the premises and not return.

-5-

I.  From on or about October 19, 2005 through and including October 28, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** and others known to the grand jury negotiated with "K.R." and others for the purchase of 1133 Sixth Street, N.W., submitting draft contracts for sale of the property for $130,000 cash, and transmitting and causing to be transmitted draft contracts by telephone facsimile.

J.  On or about October 19, 2005 and again on or about October 28, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** and others known to the grand jury falsely represented that the building on the property was not habitable and was worthless.

K.  On or about October 19, 2005 and again on or about October 28, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** and others known to the grand jury falsely represented that the property was contaminated and would require costly decontamination processes.

L.  On or about October 21, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** and others known to the grand jury faxed and caused to be faxed to the victim and others documents that they knew to be altered, which purported to have been issued by the government of the District of Columbia and which falsely stated that the tax assessed value of the complete property (including the land and the building) was $114,430, when in truth and in fact, as the defendants then knew, the tax assessed value of the property was much more.

M.  On or about October 21, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** and others known to the grand jury faxed and caused to be faxed to the victim and others a letter that falsely represented that there were no problems reported in a title report of 1133 Sixth Street, N.W., when in fact, the title search had revealed the fraudulent transfer from "James Roy" to defendant **DENISE McLEOD**, by the forged deed.

N.  On or about October 21, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** and others known to the grand jury faxed and caused to be faxed to the victim and others a contract for sale of 1133 Sixth Street, N.W., Washington, D.C.

–6–

O.   On or about October 24, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** and others known to the grand jury faxed and caused to be faxed to the victim and others a revised contract for sale of 1133 Sixth Street, N.W., Washington, D.C. and a letter falsely representing the results of a title search of the property.

P.   On or about October 24, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** and others known to the grand jury faxed and caused to be faxed to the victim and others a letter regarding deposit money placed in escrow.

Q.   On or about October 25, 2005, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH** and others known to the grand jury faxed and caused to be faxed to the victim and others a memorandum requesting confirmation of receipt of an earlier wire communication.

(**Conspiracy to Commit Wire Fraud,** in violation of Title 18, United States Code, Section 1349).

## COUNT TWO

1.   The allegations set forth in paragraphs 1 through 5 and 8 through 17 of Count One of this Indictment are hereby re-alleged and incorporated by reference.

### The Scheme to Defraud

2.   Beginning in or about April of 2005 and continuing through in or about November 2, 2005, in the District of Columbia and elsewhere, defendants **DENISE McLEOD** and **NELSON BROCKENBORROUGH**, having devised and having intended to devise a scheme and artifice to defraud and to obtain property by means of materially false and fraudulent pretenses and representations, did knowingly and willfully transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, and pictures, that is, telephone facsimile communications, for the purpose of executing such scheme or artifice, as set forth hereinafter.

– 7 –

Purpose of the Scheme

3.      It was the purpose of the scheme for defendants **DENISE McLEOD** and **NELSON BROCKENBORROUGH** to obtain real property for no money and very little money, using false and forged documents and oral misrepresentations.

Manner and Means of the Scheme

4.      It was part of the scheme and artifice that the defendants and others known and unknown to the Grand Jury would and did forge the grantor signature on documents affecting the ownership of the real property.

5.      It was further a part of the scheme and artifice that the defendants and others known and unknown to the Grand Jury would and did falsely witness and falsely notarize and certify the grantor signature on a deed to real property.

6.      It was further a part of the scheme and artifice that the defendants and others known and unknown to the Grand Jury would and did file the forged deed with the District of Columbia Registrar of Deeds, to fraudulently transfer the ownership of real property.

7.      It was further a part of the scheme and artifice that the defendants and others known and unknown to the Grand Jury would and did represent themselves to be the owners of the property based on the filing of the false and forged deed.

8.      It was further a part of the scheme and artifice that the defendants and others known and unknown to the Grand Jury would and did attempt to sell the property.

9.      It was further a part of the scheme and artifice that the defendants and others known and unknown to the Grand Jury, having failed to sell the property as planned, would and did engage in negotiations with the heirs of James Roy and others, to purchase the property.

10.     It was further a part of the scheme and artifice that the defendants and others known and unknown to the Grand Jury, would and did make oral misrepresentations about the value and condition of the real property, in order to deceive the heirs of James Roy and to persuade them to

-8-

accept a fraudulently reduced price.

11.  It was further a part of the scheme and artifice that the defendants and others known and unknown to the Grand Jury would and did alter and use documents that purported to have been produced by the government of the District of Columbia, in order to misrepresent the assessed value of real property.

12.  It was further a part of the scheme and artifice that the defendants and others known and unknown to the Grand Jury would and did transmit and cause to be transmitted altered documents purporting to have been produced by the government of the District of Columbia, by telephone facsimile, to the heirs of James Roy and others and did transmit and cause to be transmitted contract documents by telephone facsimile, to induce the heirs to sell the property for a fraudulently reduced price.

## Use of Wire Communication

13.  On or about October 24, 2005, in the District of Columbia and elsewhere, the defendants **DENISE McLEOD** and **NELSON BROCKENBORROUGH,** for the purpose of executing the above-described scheme and artifice to defraud and for the purpose of obtaining property by means of false and fraudulent pretenses and representations, and attempting to, transmitted and caused to be transmitted in interstate commerce to the heirs of James Roy and others, by means of wire communication, a proposed contract for sale of 1133 Sixth Street, N.W., Washington, D.C., and a letter falsely representing the results of a title search of that property.

(**Fraud by Wire**, in violation of Title 18, United States Code, Section 1343).

-9-

## COUNT THREE

1.  The allegations set forth in paragraphs 1 through 5 and 8 through 17 of Count One of this Indictment are hereby re-alleged and incorporated by reference.

2.      Beginning in or about April of 2005 and continuing through in or about November 2, 2005, in the District of Columbia and elsewhere, defendants **DENISE McLEOD** and **NELSON BROCKENBORROUGH**, along with others known and unknown to the grand jury, and with intent to defraud and to obtain property of another by false and fraudulent pretenses and representations, did engage in a scheme and systematic course of conduct, and did thereby obtain property of a value of $250 or more belonging to "K.R." and the heirs of James Roy, consisting of real property located at 1133 Sixth Street, N.W., in Washington, D.C.

> (**First Degree Fraud**, in violation of Title 22, D.C. Code, Sections 3221, 3222(a);
> **Aiding and Abetting**, in violation of Title 22, D.C. Code, Section 1805).

## COUNT FOUR

1.  The allegations set forth in paragraphs 1 through 5 and 8 through 17 of Count One of this Indictment are hereby re-alleged and incorporated by reference.

2.      On or about August 28, 2005, in the District of Columbia and elsewhere, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH,** with intent to defraud and injure another, did falsely make a signature on a deed to real property which did evidence, create, transfer, terminate and otherwise affect a legal right and interest, specifically, the ownership of real property located at 1133 Sixth Street, N.W., in Washington, D.C., and did aid and abet the same.

> (**Forgery**, in violation of Title 22, D.C. Code, Sections 3241, 3242; **Aiding and Abetting**, in violation of Title 22, D.C. Code, Section 1805).

-10-

## COUNT FIVE

1. The allegations set forth in paragraphs 1 through 5 and 8 through 17 of Count One of this Indictment are hereby re-alleged and incorporated by reference.

2.      On or about September 8, 2005, in the District of Columbia and elsewhere, defendants **DENISE McLEOD** and **NELSON BROCKENBORRUGH**, along with others known and unknown to the grand jury, with intent to defraud and injure another, did utter a forged written instrument, in that they transferred, delivered, transmitted, presented and used a deed to real property which did falsely evidence, create, transfer, terminate and otherwise affect a legal right and interest, specifically, the ownership of real property located at 1133 Sixth Street, N.W., in Washington, D.C., and did aid and abet the same.

(**Uttering a Forged Written Instrument**, in violation of Title 22, D.C. Code, Sections 3241, 3242; **Aiding and Abetting**, in violation of Title 22, D.C. Code, Section 1805).


A TRUE BILL


FOREPERSON



Attorney of the United States in
and for the District of Columbia