United States District Court
For the District of Columbia

United States of America

     V.                    1:07-cr-78(GK.)

Nelson Brockenborrugh

<u>Motion to Sever Defendants</u>

The defendant Brockenborrugh moves this court for an order, pursuant to Rule 14 of the federal rules of criminal procedure, to sever his case from that of the co-defendant McLeod.In support it is alleged as follows;

1) The defendants Brockenborrugh and McLeod have been indicted jointly in an in indictment that charges them with conspiracy and other crimes that pertain to an alleged real estate transaction. The defendant Brockenborrugh seeks a severance from McCloud for the following reasons so that he might have a fair trial and have the petit juries decide the case against him based solely on the evidence that is presented against him rather than on the cumulative evidence that the government will seek to introduce on theory of a non- existent conspiracy.

2)The pretrial discovery disclosed by the office of the United States Attorney indicates that the overwhelming evidence in this case pertains to the participation in this fraudulent behavior by Ms. McCloud, who is a real estate agent.Mr.Brockenborrugh is a real estate investor who was misled and induced by Ms. McCloud to try to purchase the property in question. Ms. McCloud prepared all of the paperwork, including false deeds, a false appraisal etc. of which

1

Mr.Brockenborrugh did not participate in at all.In a joint trial, the jury will undoubtedly think that he either encouraged or participated in these illegal acts and the spillover effect of the evidence will deny him a fair trial. US v. Mardian, 546 Fed2nd 973,979-81(D. C. Circ 1976); US v. Day, 591 F2nd 861,879(D.C.Circ1978).United States v. Sampol, 636 F2nd621(D .C. Circ.1080)..

3) The defendant Brockenborrugh will testify against McCloud and place the total blame of the incidents upon the co-defendant McCloud. Moreover the undersigned will attack McCloud in the opening and closing statements that will be presented to the petit jury so that McCloud will in essence face two prosecutors. In the event that McCloud seeks to testify and place any blame on Brockenburrugh, a mass of confusion of evidence will appear at the trial and the jury will think that both parties are guilty when in reality McCloud is the major perpetrator of the illegal acts directed toward the owner of the property The only way that Brockenburrugh can get a fair trial is by severing the defendants in this case. Thus because there "mutually antagonistic defenses, the court should grant severance of defendants.United States v. Tootick, 952 F2nd 1078,1082(CA9, 1991); United States v. Roamenllo,726 F2nd 173,179(CA5,1984)

4) The leading case construing the scope of rule 14 of the federal rules of criminal procedure is Zafiro v. United States, 506 U.S. 534(1993).In that case, the unanimous Supreme Court observed that severance under rule 14 is not mandated as a matter of law when defendants present"mutually exclusive defenses"It should be granted only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocense. It noted that Courts of Appeals frequently have expressed the view that "mutually antagonistic" or "irreconcilable"defenses may

2

be so prejudicial in some instances as to mandate severance(citing cases)<u>United States v.</u>

<u>Haldeman,</u> 181 U.S.App.D.C.254,294-95.559 F2nd 31,71-72(1976),cert. den.431 US

933(1977).The decision to grant a severance is left to the sound discretion of the trial court

<u>United States v. Lane,</u>474 US 438(1986); <u>Opper v. United States</u> 348 US 84,95(1954)The court

then gave examples of instances where the fact s of a case mandated severance. <u>Kotteakos v.</u>

<u>United States,</u> 328 US 750(1946);<u>Bruton v. United States</u> 391 US 123(1968).Other cases from

the several courts of appeals include <u>US v. McCarter</u>316 F3rd 536,542(5th Circ2002);<u>US v.</u>

<u>Breinig,</u>  70 F3rd 850,852-53(6th Circ1995);<u>US v. Baker</u>,98 F3rd 330,335(8th Circ.1996<u>)</u>.

4)The defendant contends that any curative instruction that the court might plan on giving

in this case would not suffice to protect the rights of Brockenborrugh to a fair trial.

5) And for such reasons as may appear on the hearing of the motion.

_____
Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202) 296-9375

<u>The Certificate of Service</u>

I certify that a copy of the above was served by ECF on the office of the United States Attorney on the 8th   Day of May 2007.

_____
Sol Z. Rosen Esq.

United States District Court
For the District of Columbia

United States of America

     V.                    1:07-cr-78(GK.)

Nelson Brockenborrugh

## **ORDER**

     Upon consideration of the motion for severance of defendants and the pleadings filed

thereto, the same is granted. Separate trials will be ordered for the defendants in this case.

              _____
              Judge, United States District Court

copies to

Barbara Kittay Esq.
Assistant United States Attorney-Criminal Division
555 Fourth Street NW
Washington, D.C. 200001

Sol Z.Rosen Esq
2501 Calvert Street NW #212
Washington, D.C. 20008