UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 07-0078 (GK) |
| DENISE SEALES McLEOD and<br>NELSON BROCKENBORRUGH, | : **FILED**<br>JUN 2 2 2007 |
| Defendants. | : NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM ORDER

The Government has filed a Motion in Limine to Introduce Defendants' Non-Custodial Statements at Trial. Both Defendants have filed Motions for Severance. All three Motions present essentially the same issues, and the Court will deal with them together. Upon consideration of the Motions, the Oppositions, the Replies, oral argument and the statements of the Defendants given to the Federal Bureau of Investigation, and the applicable case law, the Court concludes, for the following reasons, that the Government's Motion will be **granted**, subject to appropriate redactions of the Defendants' Statements and the Motions for Severance will be **denied**.

1.  It is well established that the case law demonstrates a clear preference for joint trials of defendants, providing they have been properly joined under Fed. R. Crim. P. 8(b). In this instance, there is no challenge by Defendants to that initial joinder under Rule 8(b). Clearly, judicial economy and efficiency strongly favor joint trials. United States v. White, 116 F.3d 903, 916 (D.C. Cir. 1997), citing Zifiro v. United States, 506 U.S. 534, 537 (1993); United States v. Clarke, 24 F.3d 257, 266 (1994).

2. Both Defendants claim that a joint trial will be prejudicial because of irreconcilable and antagonistic defenses, and will violate their constitutional rights under Bruton v. United States, 391 U.S. 123 (1968).

3. The law is clear that the mere possibility of irreconcilable defenses, which is Defendant McLeod's major argument, is not sufficient to require severance. United States v. Hurt, 476 F.2d 1164 (D.C. Cir. 1973). Nor will the mere fact that one defendant, here Defendant Brockenborrugh, will be mounting a major attack against the other defendant, Defendant McLeod, suffice to justify severance. Zafiro, 506 U.S. at 540-41; United States v. Applewhite, 72 F.3d 140, 144-45 (D.C. Cir. 1995). In sum, for severance to be justified, the conflicting defense must be "so irreconcilable that the jury would infer guilt from this fact alone." Christian v. U.S., 394 A.2d 121 (D.C. 1978). That is simply not the case here.

4. As to Defendant Brockenborrugh, against whom there is concededly far less evidence than exists against Defendant McLeod, there is absolutely no reason to conclude that a jury would infer guilt from the conflicting defenses alone. As the Government points out, any evidence offered by one Defendant that might conflict with that offered by the other Defendant will undoubtedly be subject to cross-examination. While the quantum of proof against Defendant Brockenborrugh is, as already noted, far less than that against Defendant McLeod, it is certainly not merely de minimus. The disparity in evidence against the two Defendants is not so enormous and disproportionate so as to require the holding of two separate trials.

5. Both Defendants raise the Bruton issue and argue that the introduction of any statements by the other Defendant would violate their constitutional rights. The Government has responded that it does intend to introduce the non-custodial statements given by each Defendant, and

that it will offer redacted versions of those statements and a proposed limiting instruction. Defendants argue that the statements themselves cannot be redacted in any meaningful way that will make sense to the jury. The Court has read the statements of both Defendants, and is not prepared to conclude that appropriate and understandable redaction is impossible to achieve. That issue will be fully explored prior to trial and necessary limitations may be placed upon the Government's use of such statements.[1] At this time, however, there is no justification for severance on this basis.

**WHEREFORE**, it is this _22nd_ day of June, 2007, hereby

**ORDERED**, that the Government's Motion in Limine is **granted**, subject to further consideration of redacted versions of the statements; and it is further

**ORDERED**, that the Motions of both Defendants for Severance are **denied**; and it is further

**ORDERED**, that the Government shall submit its proposed redacted version of the Defendants' separate non-custodial statements and its proposed limiting instruction by **October 1, 2007**.

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

---

[1] It should be noted that the statement given by Defendant McLeod is minimally damaging to Defendant Brockenborrugh. Indeed, in that Defendant's Motion for Severance, he does not make any specific Bruton argument, although the issue was raised by both the Government and his counsel at oral argument.