```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :    Criminal No. 07-0078 (GK)
                              :
         v.                   :
                              :
NELSON BROCKENBORRUGH,        :
                              :
         Defendant.           :
```

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the following numbered instructions from <u>Criminal Jury Instructions for the District of Columbia</u>, (4th ed. 1993, and 1996 Supp.) ("Redbook"), and the attached additional instructions, be given at the conclusion of the trial in this case:

General Instructions

| | |
|---|---|
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 2.04 | Evidence in Case |
| 2.06 | Indictment Not Evidence |
| 1.07 | Questions Not Evidence |
| 2.05 | Statements and Arguments of Counsel Not Evidence |
| 2.03 | Jury's Recollection Controls |
| 2.07 | Inadmissible and Stricken Evidence |
| 2.08 | Burden of Proof - Presumption of Innocence |
| 2.09 | Reasonable Doubt |

-2-

Evaluation of Testimony and Other Evidence

| | |
|---|---|
| 2.10 | Direct and Circumstantial Evidence |
| Supp. 1 | Stipulations |
| 2.11 | Credibility of Witnesses |
| 5.06 | Identification |
| 2.13 | Number of Witnesses |
| 2.14 | Nature of Charges not to be Considered |
| 2.26 | Police Officer's Testimony |
| 2.22 | Accomplice's Testimony |
| 2.48 | Statements of the Defendant – Substantive Evidence (if necessary) |
| 2.49 | Defendant's Statements – Corroboration (if necessary) |
| Supp. 2 | Co-Conspirator Acts and Statements |

Definitions, Proof, Offenses, Defenses

| | |
|---|---|
| 3.07 | On or about |
| 3.02 | Proof of State of Mind |
| Supp. 3 | "Willful Blindness" |
| 4.93 | Conspiracy |
| Supp. 4 | Wire Fraud |
| 4.41 | First Degree Fraud |
| 4.43 | Forgery and Uttering |
| 4.02 | Aiding and Abetting |

-3-

<u>Closing Remarks</u>

| | |
|---|---|
| 2.71 | Election of Foreperson |
| 2.72 | Unanimity of Verdict |
| 2.73 | Exhibits During Deliberations |
| 2.74 | Possible Punishment Not Relevant |
| 2.75 | Communications Between Court and Jury |
| 2.76 | Furnishing the Jury With the Instructions |

* * * * *

-4-

**PROPOSED SUPPLEMENTAL INSTRUCTION NO. 1**

<u>Stipulations</u>

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

*First Circuit Pattern Jury Instruction* 2.01.

-5-

## PROPOSED SUPPLEMENTAL INSTRUCTION NO. 2

<u>Co-Conspirator Acts and Statements</u>

You may consider acts knowingly done and statements knowingly made by a defendant's co-conspirators during the existence of the conspiracy and in furtherance of it as evidence pertaining to the defendant even though they were done or made in the absence of and without the knowledge of the defendant.  This includes acts done or statements made before the defendant joined the conspiracy, for a person who knowingly, voluntarily and intentionally joins an existing conspiracy is responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

*Eighth Circuit Pattern Instructions* 5.06I.  *See also,* FRE 801(d)(2)(E); <u>Bourjaily</u> v. <u>United States</u>, 483 U.S. 171 (1987); <u>United States</u> v. <u>Treadwell</u>, 760 F.2d 327, 338 (D.C. Cir. 1985), *cert. denied*, 474 U.S. 1064 (1986).

-6-

## PROPOSED SUPPLEMENTAL INSTRUCTION NO. 3

### "Willful Blindness"

In deciding whether the defendant acted knowingly, you may infer that he had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established:

*First*, that the defendant was aware of a high probability of the fact in question.

*Second*, that the defendant consciously and deliberately avoided learning of that fact, that is to say, that the defendant willfully made himself blind to that fact.

It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant to the fact.

*First Circuit Pattern Jury Instruction* 2.14. See United States v. Gabriele, 63 F.3d 65, 66 n.6 (1st Cir. 1995) (instruction proper where: 1) defendant claims lack of knowledge; 2) evidence supports inference that he consciously engaged in course of deliberate ignorance; and 3) proposed instruction, as a whole, does not lead jury to conclude that the inference of knowledge is mandatory).

-7-

**PROPOSED SUPPLEMENTAL INSTRUCTION NO. 4**

<u>Wire Fraud</u>

(1) The defendant is charged with the crime of wire fraud. For you to find the defendant guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) *First*, that the defendant knowingly participated in a scheme to defraud in order to obtain money or property, that is, that between in or about April of 2005 and on or about November 2, 2005, in the District of Columbia and elsewhere, defendant Nelson Brockenborrugh and others participated in conduct that had as its purpose to obtain real property for no money or very little money, using false and forged documents and oral misrepresentations.
>
> (B) *Second*, that the scheme included a material misrepresentation or concealment of a material fact;
>
> (C) *Third*, that the defendant had the intent to defraud; and
>
> (D) *Fourth*, that the defendant used wire communication or caused another to use wire communication in interstate commerce, in furtherance of the scheme.

(2) Now I will give you more detailed instructions on some of these terms:

> (A) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or

-8-

property by means of false or fraudulent pretenses, representations, or promises;

(B) the term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth.  They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(C) An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(D) A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing a person's decision.  To be material, any misrepresentation or concealment must be reasonably calculated to deceive a person of ordinary prudence comprehension, *even if the intended victim was gullible or skeptical.*[1]

(E) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

---

[1] *See* United States v. Maxwell, 920 F.2d 1028, 1036 (D.C. Cir. 1990).

-9-

(F) To "cause" wire communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or when such use can reasonably be foreseen.

(G) The term "transmits by means of wire communication in interstate commerce" means to send from one state to another or the District of Columbia by means of telephone or telegraph lines.

(3) It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme.  It is not necessary that the government prove that the material transmitted by wire was itself false or fraudulent.  It is not necessary that the government prove that the alleged scheme actually succeeded in defrauding anyone.  It is not necessary that the government prove that the use of the wire communication was intended as the specific or exclusive means of accomplishing the alleged fraud.  And it is not necessary that the government prove that someone relied on the misrepresentation or false statement.

(4) Finally, the government does not need to prove that defendant Brockenborrugh performed every key act himself; all that is required is that he knowingly and willingly participated in the scheme.[2]

---

[2] *Id.*

-10-

(5) If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charged.

*Sixth Circuit Pattern Jury Instruction*, modified by O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, Section 47.08 (5th Ed. 2000) and modified by United States v. Maxwell, *supra*, note 1.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY

                              _____
                              Barbara E. Kittay
                              D.C. Bar No. 414216
                              Aaron Mendelsohn
                              D.C. Bar No. 467570
                              Assistant United States Attorneys
                              555 Fourth Street, N.W.
                              Washington, D.C. 20530
                              (202) 514-6940
                              Barbara.Kittay@usdoj.gov
                              Aaron.Mendelsohn@usdoj.gov