```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :    Criminal No. 07-0078 (GK)
                              :
         v.                   :
                              :
NELSON BROCKENBORRUGH,        :
                              :
         Defendant.           :
```

**GOVERNMENT'S MOTION *In Limine* TO INTRODUCE
EVIDENCE OF THE RELATIONSHIP OF CO-CONSPIRATORS[1]**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this motion *in limine*, seeking permission to introduce evidence of the defendant's relationship with co-conspirator Denise McLeod and states as follows:

1. Defendant Nelson Brockenborrugh is charged with conspiracy to commit wire fraud, wire fraud, first degree theft, forgery, uttering, and aiding and abetting. He is alleged to have conspired with Denise McLeod to cheat a family out of real estate located in the District of Columbia, first by filing a forged deed, and later, by making material misrepresentations about its value.

---

[1] The government advises the Court that it no longer seeks to introduce this evidence through its witness, Cynthia Russell, and the Court need not, therefore, consider or decide this issue on Monday, October 22, 2007. We are submitting this memorandum pursuant to the schedule the Court set, but we no longer seek an expedited ruling. We anticipate that this issue will arise only if and when the defendant presents witnesses.

-2-

2. The defendant has argued that he did not know Ms. McLeod very well, that she was acting merely as a real estate agent on his behalf, and he was completely unaware of any of her actions. This claim is belied by the fact (admitted by the defendant in a debriefing with the government) that he was engaged in a sexual relationship with Ms. McLeod throughout the time they were engaged in the conspiracy to defraud the Roy family.

3. Evidence of a sexual relationship is permissible for many purposes, including to show the familiarity of co-conspirators and the existence of trust. *See* United States v. Ringwalt, 213 F. Supp. 499, 510-511 (E.D. Pa. 1998). It is also permissible to show motive. *See* United States v. Neufeld, 149 F.3d 1185 (Table), 1998 WL 320985 (6th Cir. 1998). Although the Court may place restrictions of testimony of sexual relations, it is entirely proper for such evidence to be introduced. *Id*.

4. Evidence of a sexual relationship between the coconspirators is also relevant to other aspects of the conspiracy, as well. United States v. Collins, 97 Fed. Appx. 818 (Table), 2004 WL 958096 (10th Cir. 2004) (sexual relationship admissible to show the duration of the conspiracy); United States v. Denby, 139 F.3d 894 (Table), 1998 WL 101765 (4th Cir. 1998) (same, can show when conspiracy was formed). To the extent that the defendant believes this evidence to be unduly prejudicial, the government is prepared to submit an appropriate limiting

-3-

instruction, cautioning the jury to consider the evidence only for the permissible purpose, and not for the purpose of concluding that the defendant is a bad man, or to conclude that if he is deceitful of his wife, he would be deceitful of his victim in this case.

5.   Finally, evidence of a sexual relationship is appropriate for impeachment purposes. United States v. Vaziri, 164 F.3d 556 (10th Cir. 1998).  The defendant's counsel has stated, both to the Court and in his opening statement, that he will testify.  Clearly the evidence that he had a sexual relationship with Ms. McLeod is relevant to impeach any claims he might make with respect to their lack of communication, lack of trust, lack of opportunity for agreement or disclosure of mutual affairs.  It is relevant to the issue of whether she had motive to deceive and betray him, as he claims.  Clearly, his prior admission of the sexual relationship is admissible, should he provide in his testimony any inconsistent or incomplete characterization of the relationship.

6.   The government also assets that the defendant's admission of the sexual relationship with Ms. McLeod is already admissible -- based on his arguments to the jury alone -- and under the terms of his debriefing agreement with the government, but this is not an issue we believe that the Court must address at this time.

7.   The government seeks permission to supplement this

-4-

motion, as time permits, during the trial.

WHEREFORE, the government moves *in limine* for the introduction of evidence concerning the sexual relationship of co-conspirators Nelson Brockenborrugh and Denise McLeod.

                            Respectfully submitted,

                            JEFFREY A. TAYLOR
                            United States Attorney
                            for the District of Columbia

                                /s/

By: _____
    Barbara E. Kittay
    D.C. Bar No. 414216
    Aaron Mendelsohn
    D.C. Bar No. 467570
    Assistant U.S. Attorneys
    555 4th Street, N.W.
    Washington, D.C.  20530
    (202) 514-6940