IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. : 07-78-02 (GK) |
| : | |
| v. : | |
| : | |
| NELSON BROCKENBORRUGH : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S OPPOSITION TO DEFENSE MOTION
FOR BOND PENDING APPEAL**

  The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion for bond pending appeal.  In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

  On February 14, 2008, the Court sentenced the defendant to concurrent sentences of 46 months incarceration for his convictions of Conspiracy to Commit Wire Fraud and Wire Fraud.  The Court permitted the defendant to report to prison once the Bureau of Prison instructs him to present himself at a particular institution.  The defendant is now seeking to remain free pending his appeal. The government opposes the defendant's request for bond pending appeal.

  According to 18 U.S.C. § 3143(b)(1), a defendant who has been found guilty of an offense and sentenced shall be detained unless the Court finds that he is not likely to flee or pose a danger to the community, *and* "(B) that the appeal raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, . . . or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

The defendant is now represented by a new attorney who did not participate in the trial, and who has not had the benefit of reading the trial transcripts. (The government is represented by a new AUSA who is in the same posture.) Defense counsel candidly admits that because he is not familiar with the trial, he currently is not in position to argue that there is a substantial question of law or fact arising from the trial that is likely to be successful on appeal. Therefore, the defendant relies on an argument that there are sentencing issues which, if successful on appeal, would probably result in a reduced sentence that might be shorter than the appellate process. The government believes that this argument is too speculative and weak to warrant the defendant's release on bond pending appeal.

First, the defendant argues that the Court miscalculated the intended loss by using the figure of $300,000, which was the price at which the defendants hoped to sell the victims' home to a developer in Rockville, MD. The defendant offers several reasons why that price should not have been used to calculate the defendant's sentence. The bottom line, however, is that the Court was correct to use the concrete figure, *i.e.*, $300,000, that the defendants themselves used during their crime. As the Court pointed out during the sentencing hearing, the Application Notes for determining the amount of loss provide that "'Actual Loss'" means the reasonably foreseeable pecuniary harm that resulted from the offense." Sentencing Guidelines §2B1.1, Application Note 3(A)(1). That is exactly the harm in this case; that is, it was reasonably foreseeable to the defendant that by stealing the victims' house, he was depriving them of at least the $300,000 he would have gained through the sale to the developer.

During the hearing, the Court also adopted the additional rationale of "Intended Loss," under Application Note 3(A)(ii), which was suggested by the government. In other words, the defendant intended to steal property worth at least $300,000 by selling it to the developer, and therefore that

2

was an appropriate figure to use in calculating his sentence. These methods of calculating the loss were perfectly reasonable, and it is very unlikely that the Court's decision would be reversed upon appeal. As Application Note 3(C) makes clear: "The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference."

The defendant also complains that the Court should not have used the Abuse of Position of Trust adjustment (§3B1.3) to increase his sentencing guideline range. In the government's view, this adjustment was properly applied and is not likely to raise a significant issue on appeal that would result in a reversal, or a new trial, or a shorter sentence for the defendant.

As noted in the defendant's Presentence Report, the defendant abused his position of trust in two ways. First, he claimed that he was a U.S. Marshal in order to evict the tenants from the building. This act was necessary to facilitate and complete the crime because in order to finalize the sale to the developer – and receive their $300,000 payment -- the defendants were obligated to turn over an empty house to the developer. Second, the defendant lied to the victim by telling her that he was using his influence as a U.S. Marshal to prevent certain fines from being levied on the property, and to ensure that the property received police protection. He made those representations in an effort to force the victim to sell the property to the defendants at a deflated price. Thus, the defendant abused his purported position of trust, and the Court was correct in applying that adjustment.

In short, there is little reason to believe that the defendant's sentence will be reduced as a result of his appeal. Therefore, there is no reason to delay his entrance into prison when the BOP instructs him to report to his designated facility.

WHEREFORE, the government respectfully requests that the defendant's motion for bond be denied.

                                      Respectfully submitted,

                                      JEFFREY A. TAYLOR
                                      United States Attorney
                                      D.C. Bar No.498 610

By:  _____
       FREDERICK W. YETTE
       Assistant United States Attorney
       D.C. Bar No. #385391
       Federal Major Crimes Section
       555 4th Street, N.W., 4th Floor
       Washington, D.C. 20530
       (202) 353-1666
       Frederick.Yette@usdoj.gov